IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY G.,

    Petitioner,                    No. CIV S-01-1447 LKK JFM P

    vs.

GREG ZERMENO, Director of
California Youth Authority, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges 1998 findings by the juvenile court in Sacramento that petitioner committed attempted murder, assault by means of force likely to produce great bodily injury, enhanced by a finding of infliction of great bodily injury. Following those findings, petitioner was committed to the California Youth Authority for a period of 12 years or until the age of 25, whichever is earlier.

FACTS[1]

        On March 24, 1997, John Trotter, a staff photo journalist for the Sacramento Bee, was taking photographs of children playing in a

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Gary G., No. C028905 (July 29, 1999), a copy of which is appended as Exhibit D to Respondents' Answer, filed March 18, 2003.

1

park in the Oak Park district of Sacramento. A woman approached Trotter, told him he was photographing her children without her permission, and walked away. Because she appeared upset, Trotter followed her, attempting to show her his press pass and trying to explain.

[Petitioner][2] and his friends, Kimbee D., Garbaril M., Darnel W. and Teraychi Golston, were at a home near the park when "little kids" came to the house and told them "some dude was taking pictures of them at the park." According to Kimbee, the children said the "dude" told them "he was going to beat their ass" if they did not cooperate.

[Petitioner], Kimbee, Garbaril, and Darnel went to the park on foot while Golston drove there. Golston confronted Trotter, demanded his film and, without warning, struck Trotter in the face with his fist. Trotter fell and [petitioner] and his companions all joined in hitting and kicking him as he lay "in a ball" defenseless on the ground. Kimbee saw [petitioner] making kicking motions toward Trotter, but he did not see where the kicks landed. Garbaril saw [petitioner] participating in kicking and punching Trotter. Garbaril thought [petitioner]'s blows landed on Trotter's arms. The beating of Trotter lasted approximately two to three minutes.

Trotter was severely injured from the beating, suffering permanent brain damage and having to relearn to walk, talk and care for himself.

(People v. Gary G., slip op. at 2-3.)

## ANALYSIS

I. Standards for a Writ of Habeas Corpus

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

/////

/////

---

[2] Petitioner is referred to as "the minor" throughout the state court opinion. He will be referred to as "petitioner" in these findings and recommendations. Petitioner turned 21 on August 11, 2004. See Ex. A to Answer.

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

Petitioner raises two claims in this action, both of which are predicated on subsequent proceedings against Darnell W. In the juvenile proceedings against petitioner, both

3

Kimbee D. and Garbaril M. testified that they saw petitioner kicking and beating Trotter. In the subsequent trial of Darnell W., arising out of the same incident, the trial court found that Garbaril M. had not testified truthfully in petitioner's proceedings. (Reporter's Transcript of Proceedings, <u>Matter of Darnell W.</u>, at 198-99, attached as Exhibit to Petition for Writ of Habeas Corpus, filed July 26, 2001.)

In his first claim for relief, petitioner contends this subsequent determination that Garbaril M. had lied at petitioner's trial requires a finding that petitioner was impermissibly found guilty of the charged offenses convicted solely on the uncorroborated testimony of one accomplice, Kimbee D. Petitioner argues that the trial court's decision shows that the case was close and he argues that the outcome of the proceedings against him would have been different had the discredited testimony of Garbaril M. not been part of those proceedings.

This claim is predicated solely on state law. (<u>See</u> Petition, at 5-16.) It is therefore not cognizable in this federal habeas corpus proceeding. <u>See</u>, e.g., <u>Eagle v. Isaac</u>, 456 U.S. 106, 119 (1982) (federal writ of habeas corpus available only for error of federal law binding on state courts and not for alleged violation of state law). For this reason, petitioner is not entitled to relief on this claim in this court.

In his second claim for relief, petitioner claims that the holding of <u>In re Mitchell P.</u>, 22 Cal.3d 946, 969 (1978) that a finding of wardship is not a conviction and can therefore be based on uncorroborated accomplice testimony should be inapplicable to the proceedings against him. Absent application of this holding, petitioner contends, the subsequent findings concerning Darnell W.'s credibility would invalidate the guilty finding against him as based solely on uncorroborated testimony. Petitioner contends that permitting convictions in juvenile proceedings in California to be predicated on uncorroborated accomplice testimony violates the

/////

/////

/////

4

federal due process clause because such testimony is insufficient under California law to support the conviction of an adult in criminal proceedings.[3]

"The applicable due process standard to be used in evaluating whether a right assured to an adult need be extended to a juvenile is that of fundamental fairness. See <u>McKeiver v. Pennsylvania</u>, 403 U.S. 528, 543, 91 S.Ct. 1976, 1985, 29 L.Ed.2d 647 (1971)." <u>U.S. v. Gonzales-Cervantes</u>, 668 F.2d 1073, 1076 (9th Cir. 1981). The alleged difference in California's rules regarding use of accomplice testimony in juvenile and adult criminal proceedings does not violate notions of fundamental fairness. <u>Cf</u>. <u>U.S. v. Necoechea</u>, 986 F.2d 1273, 1282 (9th Cir. 1993) (uncorroborated accomplice testimony sufficient to sustain federal conviction "unless it is incredible or insubstantial on its face.") Petitioner's second claim for relief should be denied.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////
/////
/////
/////
/////
/////

---

[3] To the extent that petitioner's second claim is predicated on state law, for the reasons set forth <u>supra</u> it is not cognizable in these proceedings.

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: April 22, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
goet1447.157